**No. 59016.**—Atlantic Steel & Iron Co. and H. A. Gogarty, Inc. *v.* United States, protest 236433–K (New York).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise consists of aluminum alloy rods similar in all material respects to those the subject of *Mohawk Iron & Steel Co.* v. *United States* (30 Cust. Ct. 274, C. D. 1533), the claim of the plaintiffs was sustained.

BEFORE THE THIRD DIVISION, APRIL 28, 1955

**No. 59017.**—John V. Carr & Son, Inc., et al. *v.* United States, protests 174006–K, etc. (Detroit).

Opinion by EKWALL, J. In accordance with stipulation of counsel that the merchandise consists of beef similar in all material respects to that the subject of *Swift & Company et al.* v. *United States* (33 Cust. Ct. 212, C. D. 1655), the claim of the plaintiffs was sustained.

**No. 59018.**—Bers & Company, Inc. *v.* United States, protest 199225–K (Philadelphia).

Opinion by EKWALL, J. It was stipulated that duty was assessed on 55.58 percent, or 52,714 pounds, and that the actual and true lead content weight was 51.06 percent, or 48,427 pounds, resulting in an overpayment of $32.16. On the record presented, it was held that duty is assessable upon 48,427 pounds, and the collector was directed to refund the overpayment of $32.16.

**No. 59019.**—Palestine Exhibits, Inc. *v.* United States, protest 246636–K (New York).

Opinion by EKWALL, J. An examination of the record failing to disclose anything that would warrant the court in disturbing the finding of the collector, which was presumptively correct, the protest was overruled.